## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Elijah Temel Baker, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13cv1003 (LMB/JFA) |
| | ) | |
| Dir., Va. Dep't of Corrections, | ) | |
|     Respondent. | ) | |

### MEMORANDUM OPINION

Elijah Temel Baker, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging multiple convictions entered in the Circuit Court of the City of Virginia Beach, Virginia. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Baker was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a reply. For the reasons that follow, Baker's claims will be dismissed.

### I. Background

Baker was convicted of multiple crimes. Specifically, on March 16, 2009, Baker pleaded guilty and was convicted of eluding police causing endangerment, mistreating a police animal, reckless driving, and driving with a suspended operator's license. Trial Tr. 6, 16-17, Mar. 16, 2009. On March 17, 2009, a jury found Baker guilty of use of a firearm in the commission of a felony, carjacking, robbery, and conspiracy. Trial Tr. 406-07, Mar. 17, 2009. That same day, the court found Baker guilty of one count of possession of a firearm by a convicted felon. Id. at 410. On May 5, 2010, the court sentenced Baker to a total of thirty-four years' incarceration with eight years suspended. Trail Tr. 35, May 5, 2010.

Baker pursued a direct appeal to the Court of Appeals of Virginia, which denied the petition for appeal on December 9, 2010. Baker v. Commonwealth, R. No. 1068-10-1 (Va. Ct. App. Dec. 9, 2010). On August 25, 2011, the Supreme Court of Virginia refused Baker's petition for appeal. Baker v. Commonwealth, R. No. 110470 (Va. Aug. 25, 2011).

Baker then filed a petition for a writ of habeas corpus in the Circuit Court of the City of Virginia Beach claiming ineffective assistance of counsel. The court dismissed the petition on August 31, 2012. Baker v. Dir., Dep't Corr., Case No. CL12-2904. On April 3, 2013, the Supreme Court of Virginia refused Baker's petition for appeal. Baker v. Commonwealth, R. No. 122001 (Va. Apr. 3, 2013). On August 2, 2013, Baker timely filed the instant federal habeas petition raising the following ineffective assistance of counsel claims, in which he argues counsel was ineffective for failing to:

> 1.  Preserve the record and argue that a separate act of violence to gain possession of the vehicle was necessary to prove carjacking.
>
> 2.  Object to the court's failure to advise the jury of the difference between carjacking, joyriding, and larceny.
>
> 3.  Raise the issue of lack of a separate act of violence to gain possession of the car.
>
> 4. Review the elements of the charged offenses with Baker.
>
> 5. Object to the court's denial of Baker's motion to represent himself.
>
> 6. Argue that Baker was intoxicated at the time of his offenses.
>
> 7. Object when objecting was necessary.
>
> 8. Show the assistance guaranteed by the Sixth Amendment.

Based on the pleadings and record before this Court, it is uncontested that Baker exhausted all of his claims as required under 28 U.S.C. § 2254.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412–13 (2000).

A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998).

## III. Analysis

Baker's claims all allege ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation

fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

4

The Supreme Court of Virginia refused further review of Baker's state habeas petition by its April 3, 2013 order. Because the Circuit Court of the City of Virginia Beach's order was the last reasoned state court decision on Baker's claims, its reasoning is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). As such, only the Circuit Court of the City of Virginia Beach's order is reviewed below.

A. Claims 1 and 3

Baker makes the same argument in both his claim 1 and claim 3. In claim 1, he alleges that he was denied the effective assistance of counsel when counsel failed "to preserve the record and argue a [sic] separate act of violence was used to gain possession of the vehicle." Mem. Supp. Pet. 6. Specifically, petitioner states that it is his "position that the charge of carjacking must fail since there was no separate act or threat of violence used to gain possession of the vehicle." Id. at 11. He argues that as such

> the Commonwealth's charge against appellant of carjacking must fail. The vehicle was not taken from [the victim's] presence so he did not have possession or control of the vehicle as he exerted no effort to maintain possession and control. In addition, there was no second separate and distinct act of violence or threat perpetrated to gain possession or control of the vehicle. The only probable charge that would survive in regards to the vehicle would be larceny, not robbery/carjacking.

Id. at 12-13. Similarly, in claim 3 he argues that "there was no violence used to steal the victim's vehicle" and "at most, the Commonwealth's evidence supports grand larceny of a vehicle." Id. at 14. When Baker presented this claim to the Circuit Court of the City of Virginia Beach in his state habeas petition, it ruled that "petitioner's attorney acted reasonably in not raising the claim that another independent act of violence was necessary to prove the carjacking." Order Aug. 3, 2012 at 2, R. No. CL12-2904. It then held that, "under the criteria set forth in Strickland v.

5

Washington, 466 U.S. 688 (1984), the petitioner has not shown that his attorney was ineffective." Order Aug. 3, 2012 at 2, R. No. CL12-2904.

"To prove carjacking, the Commonwealth was required to establish that defendant seized control of the [vehicle] with an intent to permanently or temporarily deprive the victim of the possession or control of the vehicle by means of violence directed to [him]. Code § 18.2-158.1(B)." Vinson v. Commonwealth, 258 Va. 459, 470, 522 S.E.2d 170, 177 (1999). Baker asserts that there was only one act of violence "associated with the robbery;" however, a review of the trial record reveals that Baker's assertion is without merit. In fact, the trial record clearly shows that Baker assaulted and threatened one of the two victims, Backus, and that his co-conspirator then pursued Backus while pointing a gun at him, after Backus fled on foot. Trial Tr. 131, Mar. 16, 2009. As such, the Circuit Court of the City of Virginia Beach's decision was not based on an unreasonable determination of the facts. See Williams, 529 U.S. at 412–13. Further, petitioner failed to show that "but for counsel's errors, the result of the proceeding would have been different." See Strickland, 466 U.S. at 694. As such, the state court's rejection of Baker's claim 1 and claim 3 was neither contrary to nor an unreasonable application of federal law, see Williams, 529 U.S. at 412–13, and these claims will be dismissed.

B. Claim 2

In claim 2, Baker alleges "trial counsel failed to object to the trial judge denying the jury the legal difference between carjacking, joyriding, and stealing a car." Mem. Supp. Pet. 13. He also asserts that his counsel repeatedly "slept" by not objecting to the errors at trial and by failing to subject the prosecution's case to meaningful adversarial testing." Id. at 14. When Baker presented this claim to the Circuit Court of the City of Virginia Beach in his state habeas petition, it ruled that "petitioner's attorney acted reasonably . . . in not objecting to the judge's

refusal to discuss the crimes of larceny and joyriding with the jury." Order Aug. 3, 2012 at 2, R. No. CL12-2904. It then held that, "under the criteria set forth in Strickland v. Washington, 466 U.S. 688 (1984), the petitioner has not shown that his attorney was ineffective." Order Aug. 3, 2012 at 2, R. No. CL12-2904.

Though Baker cites United States v. Cronic, 466 U.S. 648 (1984), he asserts that "when a state court finds on the basis of credible evidence that defense counsel repeatedly slept as evidence was being introduced against a defendant, that defendant has been denied counsel at a critical stage of his trial and there is a presumption that counsel's unconsciousness prejudiced defendant." This assertion, which stems from language in Cronic, 466 U.S. at 659, actually addresses the holding in Davis v. Alaska, 415 U.S. 308 (1974). In Davis, the Court held that no specific showing of prejudice was necessary where counsel entirely failed to subject the prosecution's case to meaningful adversarial testing such that there was a denial of Sixth Amendment rights. 415 U.S. at 318. Petitioner appears to contend that the following exchange shows his counsel "slept" by not objecting to the state court's alleged errors.

> THE COURT: We've been given another set of questions from the jury. They read as follows. What is the legal difference between, A, joyriding, B, stealing a car, and C, carjacking? . . . I assume that both sides are in agreement that I really can't give them any more information than what they have. Would that be the Commonwealth's position?

> MS. ORSISNI: Judge, the Commonwealth's position is those are the facts for them to decide. They have the law in front of them.

> MR. HARMON: And I agree with that.

Trail Tr. 398-99, Mar. 17, 2009.

Trial counsel is under no obligation to make frivolous arguments. See, e.g., Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005). Based on this record, any objection would have been

frivolous. As such, counsel's decision not to object was not "outside the range of professionally competent assistance." Strickland, 466 U.S. at 688.

Further, questions respecting jury instructions are usually matters of state law and do not rise to constitutional magnitude unless the instructions are so fundamentally unfair as to impugn due process. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). The Court does not find that the jury instructions given by the trial judge were so clearly erroneous or oppressive as to deny petitioner fundamental fairness. Thus, the Circuit Court of the City of Virginia Beach's rejection of this claim was not contrary to, or an unreasonable application of, federal law. See Williams, 529 U.S. at 412–13. Therefore, this claim will be dismissed.

C. Claim 4

Baker alleges that he was denied the effective assistance of counsel because counsel failed to "go over the elements of the offenses" for which he was charged. Mem. Supp. Pet. 15. Specifically, Baker alleges that "trial counsel was ineffective for failing to go over and review the offenses and elements [that] needed to have [been] found beyond a reasonable doubt . . . [and that he] was prejudiced from the beginning due to counsel's failure to inform [him] of these vital pieces of his defense." Mem. Supp. Pet. 16.  When Baker presented this claim to the Circuit Court of the City of Virginia Beach in his state habeas petition, it found that Baker's "attorney went over the elements of the offenses with petitioner." It then held that, "under the criteria set forth in Strickland v. Washington, 466 U.S. 688 (1984), the petitioner has not shown that his attorney was ineffective."  Order Aug. 3, 2012 at 2, R. No. CL12-2904.

Baker admitted under oath at the plea colloquy that he had discussed with his trial counsel the Commonwealth's case against him and that he was satisfied with counsel's performance. Trial Tr. 26-27, Mar. 16, 2013. Moreover, even assuming an error on counsel's

part in failing to so advise, Baker has failed to establish resulting prejudice. Thus, the Circuit Court of the City of Virginia Beach's rejection of this claim was not contrary to, or an unreasonable application of law, see Williams, 529 U.S. at 412–13, and this claim will be dismissed.

D. Claim 5

In claim 5, Baker alleges that his counsel "was ineffective for failing to object to the court denying [his] motion to proceed pro se at his trial." Mem. Supp. Pet. 16. When Baker presented this claim to the Circuit Court of the City of Virginia Beach in his state habeas petition, it found that Baker's "attorney acted reasonably . . . in not objecting to the Court's refusal to permit the petitioner to represent himself after closing arguments." It then held that, "under the criteria set forth in Strickland v. Washington, 466 U.S. 688 (1984), the petitioner has not shown that his attorney was ineffective." Order Aug. 3, 2012 at 2, R. No. CL12-2904.

In this claim, Baker refers to the following interaction.

THE COURT: Mr. Harmon, there's several things we need to deal with. You had approached the bench while the jury was still out here and made a request that came from your client that he wanted to address the jury.

MR. HARMON: Yes.

THE COURT: And I had said -- I mean, that was at the end of closing arguments. Both -- Commonwealth had made closings, and you had made your closing. And at that point in time, it was not appropriate for your client to address the jury. I think you understood that, and I think you tried to explain that to him; but –

MR. HARMON: I did, Your Honor.

THE COURT: -- you made that request on his behalf, and I wanted it to be on the record.
. . .

THE DEFENDANT: I understand. Can I talk now?

THE COURT: Yes, sir.

THE DEFENDANT: All right. Mr. Harmon never rested the case. He never rested the case. Okay. Also –

THE COURT: What do you mean he never rested?

THE DEFENDANT: He never said, Your Honor, I rest. I rest my case.

THE COURT: The case was rested when the evidence was presented. When he sat down, he finished his closing argument. You don't have to say I rest my closing argument.

THE DEFENDANT: Ms. -- Ms. Judge West, the argument was still continuing on. I have a Sixth Amendment right. I can represent myself. I can go pro se and have Mr. Harmon as my standby counsel. I can do my own closing argument. That is my right, and I was trying to ask you to allow me to exercise my right . . . .

THE COURT: . . . [Y]ou don't get to have Mr. Harmon make an argument for you . . . and then you get to say okay, now I want to represent myself so that I get to make a closing argument too. It doesn't work like that. . . . If you had wanted to at the beginning of this trial or weeks ago say I want to represent myself, I would have gone through all the pros and cons of that; and you could have made the decision that you wanted to represent yourself. You started this trial with Mr. Harmon as your attorney. You -- he is your attorney. He represents you. You don't get to make closing argument to the jury. Your attorney does that for you. You don't get a combination of he gets to do it and I want to do it too.

THE DEFENDANT: All right. Ms. Judge West, isn't it true that I have a Sixth Amendment right? I can represent myself; isn't it true?

THE COURT: But you have to elect that right prior to the trial. You can't do it at the end of the trial once everything has been done.

Trial Tr. 386-90, Mar. 17, 2009.

Based on this record, it is clear that Baker only attempted to proceed pro se after the

conclusion of the trial. By that time the decision of whether to allow Baker to proceed pro se

rested with the trial court.

> [I]f a defendant proceeds to trial with counsel and asserts his right to self-representation only after trial has begun, that right may have been waived, and its exercise may be denied, limited, or conditioned. Accordingly, after trial has begun with counsel, the decision whether to allow the defendant to proceed pro se rests in the sound discretion of the trial court.

United States v. Singleton, 107 F.3d 1091, 1096 (4th Cir. 1997). The state court's denial of

Baker's request to proceed pro se after the trial had ended and the case had been given to the jury

was appropriate. As such, the rejection of petitioner's argument was neither contrary to nor an

unreasonable application of the controlling federal law, see Williams, 529 U.S. at 413, and claim

5 will be dismissed.

E. Claim 6

     Baker alleges in claim 6 that his counsel was ineffective when he "failed to argue the fact

that petitioner was intoxicated while stealing" the victim's car. Mem. Supp. Pet. 17. When Baker

presented this claim to the Circuit Court of the City of Virginia Beach in his state habeas

petition, it found that "the petitioner's attorney acted reasonably . . . in not presenting a defense

of voluntary intoxication." It then held that, "under the criteria set forth in Strickland v.

Washington, 466 U.S. 688 (1984), the petitioner has not shown that his attorney was

ineffective." Order Aug. 3, 2012 at 2, R. No. CL12-2904.

     Under Virginia law intoxication is not a defense to the criminal charges Baker faced. "It

is well settled in Virginia that, 'except in cases of first degree and capital murder, where proof of

voluntary intoxication may negate deliberation and premeditation, such intoxication, whether

from drugs or alcohol, is no defense to a criminal charge.'" Herbin v. Commonwealth, 28 Va.

App. 173, 183-184, 503 S.E.2d 226 (1998) (quoting Griggs v. Commonwealth, 220 Va. 46, 52,

255 S.E.2d 475, 479 (1979). Therefore, his counsel could not have been ineffective for failing to

argue that Baker was intoxicated during the commission of his crimes. See Strickland, 466 U.S.

at 688. As such, the state court's rejection of Baker's argument was neither contrary to nor an

unreasonable application of the controlling federal law, see Williams, 529 U.S. at 413, and claim

6 will be dismissed.

F. Claim 7

Baker alleges in claim 7 that his counsel "was ineffective for not objecting throughout [his] trial, thus failing to subject the Commonwealth's case to adversarial testing." Mem. Supp. Pet. 17. When Baker presented this claim to the Circuit Court of the City of Virginia Beach in his state habeas petition, it found that "the petitioner has not shown that his attorney failed to object when he should have." It then held that, "under the criteria set forth in Strickland v. Washington, 466 U.S. 688 (1984), the petitioner has not shown that his attorney was ineffective." Order Aug. 3, 2012 at 2, R. No. CL12-2904.

Baker fails to specify to what particular issues counsel should have objected or how his counsel's failure to object meets the prejudice prong of the Strickland analysis. As such, his conclusory allegations do not entitle him to relief. See Habeas Corpus Rule 2(c) ("The petition . . . shall specify all the grounds for relief which are available to the petitioner . . . and shall set forth in summary form the facts supporting each of the grounds thus specified"); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). Accordingly, this will claim will be dismissed.

Claim 8

In claim 8, Baker merely argues vaguely that "trial counsel failed to show the assistance that is guaranteed by the Sixth and Fourteenth Amendment." Mem. Supp. Pet. 17. He then repeats the arguments he makes in his claims 1, 2, and 6. When Baker presented this claim to the Circuit Court of the City of Virginia Beach in his state habeas petition, it found that "the petitioner has not shown that his attorney . . . failed to provide competent representation." It then held that, "under the criteria set forth in Strickland v. Washington, 466 U.S. 688 (1984), the petitioner has not shown that his attorney was ineffective." Order Aug. 3, 2012 at 2, R. No. CL12-2904. For the reasons stated in the above analysis of Baker's claims 1, 2, and 6, the state

12

court's rejection of petitioner's argument was neither contrary to nor an unreasonable application of the controlling federal law. See Williams, 529 U.S. at 413. Claim 8 will be dismissed.

## IV. Conclusion

For the above stated reasons, this petition will be dismissed with prejudice.  An appropriate Order shall issue.

Entered this ___1ˢᵗ___ day of ___April___ 2014.

/s/

Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

13